**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4714**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCAR LAMONT ALDRIDGE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-04-42)

Submitted:  May 17, 2006          Decided:  June 6, 2006

Before WILKINS, Chief Judge, and TRAXLER and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Oscar Lamont Aldridge appeals his conviction for being a felon in possession of a firearm, see 18 U.S.C.A. § 922(g)(1) (West 2000), arguing that the magistrate judge erred in denying his motion to suppress. For the reasons set forth below, we affirm.

I.

Late in the afternoon on April 13, 2003, Sergeant John Smith of the New Bern, North Carolina Police Department was patrolling a high-crime area near the Craven Terrace housing project. Sergeant Smith was concerned, in particular, with an area across the street from the housing project near a store called "The Red Sea." While in the area, Sergeant Smith observed Aldridge approaching people, touching their hands briefly, and walking away, without ever leaving the area. Sergeant Smith was concerned that Aldridge was engaging in hand-to-hand drug transactions. Aldridge was with another individual, and their conduct led Sergeant Smith to believe that the pair was avoiding him.

Sergeant Smith contacted Officer Timothy Martin and asked him to conduct a field interview of the individuals. When Officer Martin arrived, he observed that a third officer had engaged Aldridge's companion in conversation. Aldridge had walked away, which Officer Martin thought was odd. Officer Martin also observed that Aldridge was holding his right arm close to his body, while

2

his left arm swung freely, and that the right side of Aldridge's jacket seemed to be weighed down. Concerned that Aldridge might be armed, Officer Martin--who had, by this time, exited his vehicle--instructed Aldridge to stop walking and place his hands on his head with his fingers interlaced. Aldridge was facing away from Officer Martin. When the latter spoke, Aldridge turned around, causing the object in his right jacket pocket to hit Officer Martin's hand. Recognizing the feel of a firearm, Officer Martin seized the weapon and arrested Aldridge with the assistance of another officer.

Prior to trial, Aldridge moved to suppress the firearm on the basis that Officer Martin lacked a reasonable and articulable suspicion of criminal activity sufficient to authorize an investigative detention. See Terry v. Ohio, 392 U.S. 1, 21-22 (1968). During the suppression hearing before a magistrate judge, Officer Martin was asked why several details about the arrest--including the manner in which Aldridge was holding his right arm and the right side of his jacket being weighed down--were not set forth in the two-page, hand-written incident report filed on the evening of the arrest. Officer Martin responded that he "didn't want to clutter the report up with the most minute details." J.A. 51.

The magistrate judge issued a report and recommendation suggesting that the motion to suppress be denied. The judge stated that he was "troubled by the fact that Officer Martin's testimony

3

... substantially expanded on his contemporaneous report." Id. at 82. However, noting that Officer Martin had testified under oath and that Aldridge "offered no evidence to rebut or impeach Officer Martin's version of the events," id. at 83, the judge found Officer Martin to be credible.

Aldridge filed objections to the magistrate judge's report. The district court overruled these objections and adopted the recommendation of the magistrate judge. Following a bench trial, the court found Aldridge guilty of being a felon in possession of a firearm. In the course of rendering its verdict, the court reiterated its view that the motion to suppress was properly denied.

## II.

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. It is well settled that a search conducted without a warrant is per se unreasonable unless it falls within one of the "well-delineated exceptions" to the warrant requirement. Katz v. United States, 389 U.S. 347, 357 (1967). One such exception is the authority of law enforcement officers to effect a limited investigatory detention when they possess "a reasonable and articulable suspicion that the person seized is engaged in criminal activity." Reid v. Georgia, 448 U.S. 438, 440 (1980) (per curiam); see Terry, 392 U.S. at 21-22 (1968). A

4

reasonable and articulable suspicion is "a particularized and objective basis for suspecting the person stopped of criminal activity." Ornelas v. United States, 517 U.S. 690, 696 (1996) (internal quotation marks omitted). In determining whether a detention is supported by reasonable suspicion, the court must look to the circumstances known to the officer and "the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Terry, 392 U.S. at 27. In so doing, the court must consider "the totality of the circumstances--the whole picture." United States v. Cortez, 449 U.S. 411, 417 (1981). In reviewing the denial of a motion to suppress, we review the factual findings of the district court for clear error and its legal conclusions de novo. See United States v. Johnson, 114 F.3d 435, 439 (4th Cir. 1997).

In challenging the denial of the motion to suppress, Aldridge argues that the magistrate judge improperly credited Officer Martin's testimony despite the differences between his testimony and the written report. Aldridge acknowledges the general rule that "we cannot review ... a credibility finding on appeal," Conner v. United States, 434 F.3d 676, 682 (4th Cir. 2006), but maintains that we are entitled to reverse on the grounds that the magistrate judge (1) failed to consider factors relevant to Officer Martin's credibility, and (2) improperly placed the burden of persuasion on Aldridge.

5

Aldridge's first ground for reversal appears to rest primarily on the fact that the magistrate judge did not specifically discuss a variety of factors that might be considered in determining whether a witness is credible. However, the fact that the magistrate judge did not explicitly discuss these factors is no indication that the judge did not, in fact, evaluate various considerations in reaching his credibility determination. We are equally unpersuaded by Aldridge's contention that the magistrate judge violated his Fifth Amendment right against self incrimination by noting that no evidence or testimony contradicted Officer Martin's version of events. Aldridge was not required to surrender his Fifth Amendment rights in order to testify at the suppression hearing. See Simmons v. United States, 390 U.S. 377, 394 (1968).

III.

For the reasons set forth above, we affirm the denial of the motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED